# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Jeremy Jones, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:22-cv-1152-TMC |
| v. ) | |
| ) | **ORDER** |
| South Atlantic Galvanizing, Rusty ) | |
| Williams, and Brian Solois, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jeremy Jones, proceeding *pro se*, brought this discrimination action against his former employer, Defendant South Atlantic Galvanizing ("SAG"), and individual Defendants Rusty Williams ("Williams"), the SAG plant manager where Plaintiff worked, and Brian Solois ("Solois"), Plaintiff's supervisor. (ECF Nos. 1, 11). Liberally construed, Plaintiff's pleadings appear to assert claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–634; the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000ff; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. *See* (ECF Nos. 1, 11). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e), (g) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Subsequently, Defendants SAG and Williams filed a motion to

dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 19).[1] Plaintiff filed a response in opposition to the motion to dismiss, (ECF Nos. 25, 31), to which SAG and Williams submitted a reply (ECF No. 28).

Now before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 34) recommending the court grant the motion to dismiss filed by SAG and Williams and, additionally, summarily dismiss all claims against Solois under 28 U.S.C. § 1915 for failure to state a claim. Plaintiff filed objections to the Report, (ECF Nos. 36, 43), to which SAG and Williams replied (ECF No. 39). Having carefully considered all of the materials before it, the court concludes a hearing is not necessary to issue a ruling on this matter.

## I. Background

In her thorough Report, the magistrate judge summarized the relevant factual and procedural background. (ECF No. 34 at 2–5). As no party objects to the factual recitation in the Report, the court adopts and incorporates it herein. In relevant part, the facts are these:

> Plaintiff . . . is a former employee of SAG. He claims that he twice injured his arm and wrist while working for SAG, once in June 2020 and again in October 2020; he sought medical attention on October 17, 2020, for his injuries; he returned to work on October 19, 2020; and he was subsequently terminated. Plaintiff also alleges that he was

---

[1] There is nothing before the court indicating that Defendant Brian Solois was ever served with process; the record only reflects that service was unsuccessfully attempted on one occasion. (ECF No. 32).

intimidated, harassed, insulted, and verbally abused by Solois.

*Id*. at 2 (internal citations omitted). In August 2020, Plaintiff sent a complaint to SAG's HR department indicating that he had been punished for leaving work to take care of a personal matter; that workplace safety was a serious concern; and that Solois was disrespectful to the workers he supervised and had used harsh and profane language in dealing with them. *Id.* at 2–3. According to Plaintiff, Williams, the plant manager, then told other SAG employees that Plaintiff had filed the HR complaint which "led to his 'being verbally ass[a]ulted and threatened by [co-worker] Na'quone Smith.'" *Id*. at 3.

Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") against SAG and Williams, asserting claims for discrimination based on age and race and for retaliation on the following grounds:

> 1) [I] was told I[']m white who they gonna bel[ie]ve me [or] you. [A]fter I filed complaint with [corporate] office. Heard Supervisor Brian tell Kelvin Booker [h]e could not stand [h]is black ass after [h]e went to Supervisor William Rakes to complain about Brian. Plant manager Rusty William[s] stated he pay[s] us for [our] backs and the work we were doing called g[r]unt work. Cole who at the time was a supervisor in training state[d] the[y] were looking for muscle and no brains.
>
> 2) I complained to [corporate] office about why so many [young] black me[n were] working there but none in [the] office. I [tried] teaching them Osha law and was shunned for it[.]
>
> 3) I was fired shortly [a]fter I complained to Osha.

3

*Id*. at 3–4 (alterations in original). Plaintiff also complained to the EEOC about potential violations of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §§ 651–678:

> Supervisor Brian [t]hrew ammonia pellets in zin[c] kettle and smoked the building out to the [p]oint we had to evacuate the building. Me and Kelvin [B]ooker talk[ed] to some employee about [complaining] to Osha. Grieg [A]nderson told Brian after we were targeted [until] we both were . . . fired. None of this happened until we wanted to complain.
>
> I have additional information on file with Osha dates, voice [r]ecorder[, p]ictures, text, email, Facebook [messages.] [F]iled complaint with [corporate] office [August] 25, 2020. . . . [T]alked with Betty [H]armon[.] [F]iled complaint with [OSHA] on [the] first week [of September].

*Id*. at 4 (alterations in original). After reviewing his complaint, the EEOC issued a notice-of-right-to-sue letter. (ECF No. 1-1). Plaintiff's lawsuit, and, ultimately, the motion presently before the court, followed.

## II. Report of the Magistrate Judge

First, the magistrate judge determined that "to the extent Plaintiff alleges claims against Williams in his individual capacity under the ADA, the ADEA, the GINA, and, Title VII, such claims must be dismissed because these statutes do not create or permit causes of action against employees in their individual capacities." *Id*. at 8. The Report, therefore, recommends that Plaintiff's claims against Williams individually be dismissed. *Id*. at 8–9. On this same basis, the magistrate judge also

determined that the claims against Solois, a named defendant who has not been served, were subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id*. at 9 n.5.[2]

As for Plaintiff's claims against SAG, the magistrate judge first determined that Plaintiff failed to exhaust administrative remedies as to his claims under the ADA or GINA. *Id*. at 10. The magistrate judge found that "Plaintiff did not explicitly allege in the [EEOC] Charge that he was discriminated or retaliated against in violation of the ADA or the GINA," and that neither of these claims was reasonably related to Plaintiff's EEOC charge which "focuse[d] on issues of race and age discrimination." *Id*. at 12.

As for any potential Title VII race discrimination claim against SAG, the magistrate judge concluded that Plaintiff "does not allege facts that would support an inference that Plaintiff was treated differently because of his race[,]" but rather "specifically alleges that he was terminated after a work-related injury and after he complained to OSHA regarding safety matters." *Id*. at 14. The magistrate judge, therefore, found that "the facts alleged do not give rise to a non-speculative inference that Plaintiff was the victim of race discrimination" and recommended that this claim be dismissed as well. *Id*. at 14. Additionally, to the extent Plaintiff asserts a Title

---

[2] The magistrate judge further recommended, in the alternative, that the court dismiss Solois without prejudice for lack of timely service. *Id*. at 9 n.5.

5

VII retaliation claim against SAG, the magistrate judge concluded that, even if "Plaintiff's complaint about young, black men not working in the office constituted protected activity, Plaintiff has not pled facts linking that statement to any adverse action taken against him." *Id.* at 15 (internal footnote omitted).

As for Plaintiff's ADEA cause of action, the magistrate judge concluded Plaintiff failed to state a claim as he "does not allege that he is at least 40 years old or that he complained about discrimination against anyone at least 40 years old, nor does he allege facts from which it could be inferred that his age or complaints about discrimination against anyone at least 40 years old were causally related to any adverse action taken against him." *Id*. at 16.

Finally, to the extent that Plaintiff seeks to recover for his alleged workplace injuries under state law, the magistrate judge concluded that the exclusivity provision of the South Carolina Workers' Compensation Act, S.C. Code Ann. §§ 42-1-10 to 42-19-50, barred any such claim. *Id*. at 17–18 (citing S.C. Code Ann. § 42-1-540). Furthermore, to the extent Plaintiff attempts to raise a claim under OSHA, the magistrate judge found such a claim would be meritless as OSHA does not create a private right of action. *Id*. at 9.

### III. Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.

*Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of

7

arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Id*. Rule 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard requires that a complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id*.

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

### IV. Discussion

Plaintiff filed his objections to the Report. (ECF Nos. 36, 43). However, Plaintiff's objections largely restate his allegations, fail to specify or identify any error in the Report, and do not relate to the dispositive portions of the Report. Thus,

Plaintiff's objections afford no basis for rejecting the magistrate judge's Report or deviating from her recommended disposition. Moreover, to the extent that Plaintiff simply recites in his objections new facts or claims for the first time, the court declines to consider them. *Backus v. Cox*, Civ. A. No. 4:13-cv-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) (noting a party "cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant"). Accordingly, the court overrules Plaintiff's objections.

## V. Conclusion

Thus, as set forth above, the court adopts the magistrate judge's Report (ECF No. 34), which is incorporated herein, and **GRANTS** the motion of Defendants SAG and Williams to dismiss. (ECF No. 19). Accordingly, this action is dismissed as to Defendants SAG and Williams. Furthermore, the court **DISMISSES** this action as to Defendant Solois under § 1915.[3]

**IT IS SO ORDERED.**

/s/Timothy M. Cain
United States District Judge

February 1, 2023
Anderson, South Carolina

---

[3] On January 18, 2023, Plaintiff filed a motion which the court liberally construes as a request to stay this action to afford Plaintiff time to locate a witness to provide unspecified, unknown testimony and also so that his state worker's compensation action can proceed. (ECF No. 44). However, nothing in this motion reflects good cause for a stay or continuance nor alters the court's conclusion that Plaintiff's action is subject to dismissal for the reasons stated herein. Accordingly, Plaintiff's motion for a stay/continuance (ECF No. 44) is **DENIED**. Additionally, Defendants' pending motion to strike (ECF No. 45) is **DENIED AS MOOT**.

## NOTICE OF RIGHT TO APPEAL

  The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.